**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RICKY RONNELL WILLIAMS,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　　　**Case No.:  4:10cv290-RH/WCS**

**CHIEF HEALTH OFFICER DRATLER,**

    **Defendant.**

                                          /

## REPORT AND RECOMMENDATION

Dr. Stanley Dratler has filed a motion to dismiss, doc. 26, in response to Plaintiff's third amended civil rights complaint, doc. 12.  Defendant contends that Plaintiff failed to exhaust administrative remedies *prio*r to filing this case as required by federal law. Defendant notes the complaint was filed in July, 2010, but Plaintiff did not begin the process of exhausting administrative remedies until November, 2010.  Doc. 26, pp.3-5. Plaintiff was directed to submit his response to the motion, doc. 27, and he has filed a response, doc. 28, which he titled as a "motion not to dismiss" his case, and an addendum, doc. 29, to that response, which is also titled as a motion not to dismiss this case.  Defendant's motion to dismiss is ready for a ruling.

Plaintiff's complaint alleges that Defendant Dratler, the former Chief Health Officer at Taylor Correctional Institution, was deliberately indifferent to Plaintiff's serious medical needs.  Doc. 12.  Plaintiff alleges that on February 26, 2010, the Defendant should have given Plaintiff a restriction pass so Plaintiff would not have "further injured himself by pushing laundry carts . . . ."  *Id.*, at 5.  Plaintiff contends that after Dr. Dratler examined him, "something should have been done."  *Id.*  Plaintiff contends he was in excruciating pain, and he "should have received the necessary medical treatment . . . ."  *Id.*, at 5-6.  Plaintiff states that he must now depend on a hernia support belt, and Ibuprofen, which gives him temporary relief.  *Id.*  Plaintiff contends that he was subjected to "improper denial or delay of treatment, without" justification and Defendant was deliberately indifferent to his health needs.

Defendant notes in the motion to dismiss that Plaintiff filed the complaint on July 7, 2010, when he provided it to prison officials for mailing.  Doc. 26, p. 3.  The complaint was entered on the docket on July 12, 2010.  Docs. 1, 2.  Defendant identifies the first informal grievance that Plaintiff filed about not receiving medical restriction passes on November 1, 2010.  Doc. 26, p. 3.  The informal grievance was denied a few days later.  Plaintiff filed a formal grievance on November 16, 2010, in which he alleged that Dr. Dratler would not give him passes for his hernia.  *Id.*, at 4.  The formal grievance was denied on November 29, 2010.  *Id.*  Plaintiff filed a grievance appeal on December 8, 2010.  *Id.*, at 4.  Defendant states that the December, 2010, grievance appeal is the only one "in the Department's records concerning Plaintiff's hernia."  *Id.*, at 5.  Because those grievances were submitted after the initiation of this lawsuit, Defendant contends dismissal is appropriate.

Plaintiff states in his first response, doc. 28, that he "had no knowledge that he had to do an institution remedy." *Id.*, at 2. Plaintiff argues that Defendant Dratler should have known that Plaintiff needed restricted medical passes to prevent further injury. *Id.*, at 2-3. Plaintiff contends that the grievances "are irrelevant to this litigation." *Id.*, at 4.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The exhaustion requirement of § 1997e(a) is not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Essentially, the exhaustion requirement acts as a "pre-condition to suit" which may not be waived. Alexander, 159 F.3d at 1326. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison

administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  <u>Booth v. Churner</u>, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  <u>Jones v. Bock</u>, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); <u>Dixon v. United States</u>, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1240 (10th Cir. 2007) ("<u>Jones</u> does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to <u>Jones</u> have all put the burden of proof on defendants, to the extent that they addressed the issue.").

Defendants have carried that burden in this case, and Plaintiff's response acknowledges that he did not exhaust administrative remedies.  Ignorance of that requirement is irrelevant since the court cannot waive the requirement.  Moreover, the complaint form advises all litigants that a case is subject to dismissal if the prisoner did not exhaust administrative remedies prior to filing the case. Doc. 1, p. 3, ¶ III.  There is

no dispute here that Plaintiff failed to exhaust his claim prior to filing.  Thus, there is no option and the Defendant's motion to dismiss, doc. 26, must be granted.

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 26, be **GRANTED,** that Plaintiff's motions *not* to dismiss this case, docs. 28 and 29, be **DENIED**, that this case be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 21, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**